UNITED STATES v. SIMONS et a.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1898.)

No. 441.

INDIAN AGENCIES—ACTION BY UNITED STATES—ALLOWANCE OF CREDITS.

In an action on the bond of an Indian agent, where the agent died near the close of the quarter, credit may be allowed for vouchers which have not been presented to the accounting officers of the treasury; the death of the agent bringing such vouchers within the last clause of Rev. St. U. S. § 951, relating to vouchers not presented by reason of "absence from the United States or some unavoidable accident."

In Error to the District Court of the United States for the District of Montana.

Preston H. Leslie, for the United States.

McConnell & McConnell, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. Archer O. Simons was the agent for the Indians at Ft. Belknap Agency, Mont., under a commission bearing date February 4, 1890. On April 1, 1890, he took the oath of office, and entered upon the discharge of his duties. On December 21, 1892, he died. An action was brought by the United States against his administrator and his bondsmen to recover $858.42, with interest thereon from December 21, 1892, which sum, it was alleged in the complaint, the agent had appropriated and converted to his own use. Defendants denied their liability for any sum. They also pleaded a set-off of $334.20 for unpaid salary due the deceased. There was a verdict for the defendants, and judgment accordingly.

It is assigned as error that the court permitted the witness Rainsford to testify orally concerning the disposition of certain articles referred to in vouchers No. 3 and No. 5, and that he was permitted to testify orally that $30 disbursed by the agent for vaccine virus was used in vaccinating the Indian children, and that he was permitted to testify orally that certain paint brushes with which the agent was charged had been worn out under his direction in painting the rooms of the agency buildings. It is said that this oral testimony was inadmissible under section 951 of the Revised Statutes, which provides as follows:

"In suits brought by the United States against individuals, no claim for a credit shall be admitted, upon trial, except such as appear to have been presented to the accounting officers of the treasury, for their examination, and to have been by them disallowed, in whole or in part, unless it is proved to the satisfaction of the court that the defendant is, at the time of the trial, in possession of vouchers not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the treasury by absence from the United States or by some unavoidable accident."

The total amount involved upon the writ of error is $243.43. Voucher No. 3 accounts for the disposition of certain flannel sheeting, linsey, etc., which, according to the voucher, were used by the pupils of the Indian school; voucher No. 5, for some lumber, amounting to $22.44, purchased and used for the agency. There is nothing whatever in the record to inform us that proper vouchers for all of these items had not been duly forwarded to the proper accounting officers. But, assuming that they were not, we find no error in the admission of oral testimony. All the transactions concerning which such testimony was taken belong to the last quarter of the year 1892. The death of the agent occurring a few days before the end of that quarter, it was manifestly impossible for him to have submitted the vouchers. The case comes clearly within the exceptions named in the statute. If the death of the agent was not an absence from the United States, it certainly was

an unavoidable accident. · It was shown that the Indian commissioner had written forbidding the administrator to sign or verify vouchers. The vouchers that were admitted in evidence were signed,—the one by the superintendent of the Indian schools, the other by the administrator of the decedent. There was competent and undisputed evidence that the vaccine virus had been used in vaccinating the Indian children, and that the paint brushes were worn out in painting the agency buildings. Upon the evidence offered on the trial, the defendants were entitled to a verdict irrespective of the set-off. We search the record in vain for a justification of the harsh charge that the agent appropriated and converted to his own use the moneys of the United States. Nor can we see that the ends of justice have been subserved by burdening his estate with the expense of this writ of error. The judgment of the circuit court will be affirmed.